**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-60469
Summary Calendar

Louisiana Insurance Guaranty Association;
Baton Rouge Marine Contractors, Inc.,

Petitioners,

VERSUS

William Parker; Director, Office of Worker's
Compensation Programs, United States Department of Labor,

Respondents.

Petition to Review a Decision
of the Benefits Review Board

(99-0410)

February 27, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

Per Curiam:[*]

This case involves the appeal of an administrative ruling under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901 – 950 (2001). Baton Rouge Marine Contractors,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Inc. (BRMC), appeals from the Benefits Review Board's ("BRB" or "Board") decision finding it liable for William Parker's asbestos-related disability. BRMC claims that the Board's decision was in error because (1) it was not the "responsible employer" for Parker's disability, and (2) Parker did not make a proper claim for medical expenses. We affirm the BRB's decision.

## I.

Before his retirement in 1976, William Parker worked as a longshoreman for several employers at the Port of Baton Rouge, including BRMC and Louisiana Stevedores, Inc. His employers routinely required him to handle asbestos in its powdered form. In 1994, doctors diagnosed Mr. Parker with pulmonary asbestosis. Parker then brought this worker's compensation claim against BRMC, his last port employer. The administrative law judge (ALJ) found that BRMC was the responsible employer and that Parker was entitled to recover for his full disability. BRMC's appeals to the BRB were denied. Although it is clear that Mr. Parker handled asbestos while working for both BRMC and Louisiana Stevedores, the parties dispute whether he *last handled* the substance while working for BRMC or Louisiana Stevedores. BRMC also claims that even if it was the responsible employer, Parker is not entitled to recover medical expenses because he made no claim for medical expenses and failed to offer proof of the amount of these expenses.

2

Section 921(c) of the LHWCA affords this court jurisdiction to review decisions of the BRB, but our review is limited to determining whether the BRB correctly concluded that the ALJ's order was "supported by substantial evidence on the record as a whole and is in accordance with the law." Avondale Indus., Inc. v. Director, OWCP, 977 F.2d 186, 189 (5th Cir. 1992). "Substantial evidence is evidence that provides 'a substantial basis of fact from which the fact in issue can be reasonably inferred.'" Id. (quoting NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 299-300 (1939)).

## III.

The LHWCA employs the "last exposure" rule of causation. Under the last exposure rule, the "responsible employer" is the last employer that subjected the claimant to asbestos before the claimant knew or should have known of the relationship between his employment and his asbestos-related illness. See Fulks v. Avondale Shipyards, Inc., 637 F.2d 1008, 1011-12 (5th Cir. 1981) (citing Travelers Insurance Company v. Cardillo, 225 F.2d 137 (2d Cir.), cert. denied, 350 U.S. 913 (1955)). The rule is designed to simplify proof of causation where the claimant was exposed to a toxic substance while working for several different employers. See Avondale Indus., 977 F.2d at 190. Since the ALJ found that Parker made a prima facie case against BRMC, the burden shifted to BRMC to show that Parker was exposed to asbestos while performing work

3

covered under the LHWCA for a subsequent employer.  Id.

BRMC contends that there is not sufficient evidence that it was the responsible employer because it proved that Parker was last exposed to asbestos while employed at Louisiana Stevedores.  BRMC submitted  evidence that its employees ceased unloading asbestos on June 22, 1973, because all of the asbestos shipped to Baton Rouge after that date was stored at a government warehouse.  BRMC also notes that Parker admitted to handling asbestos while working for Louisiana Stevedores in 1974.  Although Parker returned to work for BRMC after working for Louisiana Stevedores, BRMC submits that there is  no evidence that he handled asbestos for BRMC after 1973.

Despite BRMC's evidence that its employees no longer unloaded asbestos after 1973, there is still sufficient evidence that Parker was last exposed to asbestos while working at BRMC.  As noted in the BRB's first opinion in this case, BRMC continued to handle asbestos shipped by truck to warehouses even after its employees stopped unloading it.  Thus, regardless of who unloaded the asbestos at the port, there is sufficient evidence that Parker was exposed to it even after he worked for Louisiana Stevedores.  BRMC therefore has not carried its burden of demonstrating that it was not the responsible employer.

IV.

Section 907(a) of the LHWCA requires employers to pay its employees' medical expenses from work-related injuries: "The employer shall furnish such medical, surgical, and other attendance

4

or treatment, nurse and hospital service, medicine, crutches, and apparatus, for such period as the nature of the injury or the process of recovery may require." The Act also requires employers to reimburse employees for any out-of-pocket medical expenses when the employer wrongfully refuses the employee's request for medical treatment. 33 U.S.C. § 907(d)(1)(A) ("An employee shall not be entitled to recover any amount expended by him for medical or other treatment services unless – (A) the employer shall have refused or neglected a request to furnish such services . . . ."). BRMC argues that even if it is the responsible employer, Parker was not entitled to recover medical expenses because he failed to make a claim for medical expenses and because he submitted no medical bills to prove the amount of his expenses. Additionally, BRMC argues that the ALJ's order that it pay Parker's reasonable medical expenses is in error because it does not specify the amount owed.

Contrary to BRMC's contention, Parker clearly requested § 907(a) medical benefits in his claim dated July 9, 1996. Mr. Parker's attorney addressed his claim to BRMC and copied the Department of Labor. The claim letter reads in pertinent part:

> We represent the interests of Mr. Parker in his claim for benefits under the Longshore & Harbor Workers' Compensation Act. Enclosed is our POA for you file. Also enclosed is a copy of correspondence, the LS-203 and attendant medical reports filed with the USDOL.
> The claimant retired from employment, with his last covered exposure to injurious stimuli with your company in 1976. We are requesting authorization for treatment by the Claimant's choice of physicians, Drs. Jackson and Nulti, per 33 USC § 907.

5

We therefore find sufficient evidence in the administrative record that Mr. Parker made a claim for medical expenses.

As to the proof of Parker's medical expenses, BRMC's brief cites no authority for the propositions that a LHWCA claimant must provide invoices of his medical expenses or that an ALJ's order to pay reasonable medical expenses include an exact dollar amount. BRMC has therefore waived these arguments on appeal. United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001) ("Generally speaking, a defendant waives an issue if he fails to adequately brief it."); accord Fed. R. App. P. 28(a)(9)(A) (stating that an appellant's brief must include its "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Furthermore, our review of the administrative record reveals sufficient factual support for the BRB's decision to affirm the ALJ's award of reasonable medical expenses relating to Parker's emergency medical treatment at Our Lady of the Lake Hospital and his examinations by Dr. Hackley and Dr. Gomes. The ALJ reviewed extensive testimony from Parker's treating physicians about the nature, extent, and likely causes of Parker's pulmonary asbestosis. The ALJ also reviewed Parker's numerous medical reports before determining that there was a sufficient nexus between Parker's treatments at Our Lady of the Lake and by Drs. Hackley and Gomes to justify an award of reasonable medical expenses relating to those treatments. Although the ALJ did not award Parker a particular dollar amount for his

medical expenses, as the BRB observed, LHWCA's medical care regulations govern the procedures for disputing the amount of these medical expenses. <u>See</u> 20 C.F.R. §§ 702.413 – 702.417 (2001).

V.

We therefore find sufficient evidence in the administrative record to support the BRB's ruling that BRMC is the responsible employer for Parker's injuries. We also find sufficient evidence that Parker properly requested and proved his right to payment or reimbursement of all medical costs incurred. Accordingly, the decision of the Benefits Review Board opinion dated May 10, 2001 is AFFIRMED.